PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRANDON N. PROFIT, | ) |
|     Plaintiff, | ) CASE NO. 1:19CV384 |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| STATE OF OHIO, *et al.*, | ) **MEMORANDUM OF OPINION AND** |
| | ) **ORDER** [Resolving ECF Nos. 1, 2] |
|     Defendants. | ) |

Magistrate Judge George J. Limbert ordered Plaintiff to either pay the filing fee of $400.00 or to re-submit his application to proceed *in forma pauperis*. ECF No. 3. Plaintiff has neither paid the fee nor provided a new application to the Court. For the reasons given below, this case is dismissed without prejudice.

**I. Background**

In this action, Plaintiff Brandon N. Profit ("Profit" or "Plaintiff"), a Moorish American of the Washitaw tribal confederation, seeks monetary damages from Defendants State of Ohio and the City of Cleveland for real property allegedly unlawfully taken from him. ECF No. 1 ("Complaint"). Plaintiff filed a motion to proceed with this matter *in forma pauperis* (ECF No. 2) ("Motion"), but Magistrate Judge George Limbert found that the information provided in the motion was deficient. On August 7, 2019, the magistrate judge ordered Profit to either submit the full filing fee of $400.00 or submit a complete application to proceed *in forma pauperis* within fourteen (14) days. ECF No. 3 ("Deficiency Order"). The Deficiency Order cautioned

(1:19CV384)

Plaintiff that "failure to fully and timely respond to this Order may result in the denial of his motion to proceed *in forma pauperis* and dismissal of this action without further notice." *Id.* at PageID #: 29. A copy of the Deficiency Order was mailed to Plaintiff at his address of record on the same day the order was issued. There is no indication on the docket that the mailing was returned as undeliverable, or that Plaintiff has paid the filing fee, responded to the Deficiency Order, or sought an extension of time to do so.

## II. Standard of Review

Pursuant to Fed. R. Civ. P. 41(b), the Court has the inherent authority to dismiss a plaintiff's lawsuit for failure to prosecute or to comply with the Court's orders. *See* Fed. R. Civ. P. 41(b); *Chambers v. Nasco, Inc.,* 501 U.S. 32, 49 (1991) (noting that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute as recognized in *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962)). "This measure is available to the district court as a tool to effect 'management of its docket[.]'" *Knoll v. Am. Tel. & Tel. Co.,* 176 F.3d 359, 363 (6th Cir. 1999) (citation omitted).

The Court must consider four factors when determining whether to dismiss an action under Rule 41(b) for failure to prosecute or comply with the Court's order: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (*citing Knoll*, 176 F.3d at 363). "'Although typically none of the factors

(1:19CV384)

is outcome dispositive, ... a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Id.* (quoting *Knoll*, 176 F.3d at 363).

### III. Analysis

The Court finds that Profit's failure to comply with the Deficiency Order was willful because Plaintiff initially filed a deficient Motion and then, when given another opportunity to file an adequate motion, failed to respond in any way. The Deficiency Order provided Plaintiff with specific information regarding the Motion's deficiencies and fourteen (14) days to file a sufficient motion. ECF No. 3. The generous latitude afforded to *pro se* litigants by the courts with respect to their pleadings does not extend to readily understood orders and deadlines. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (Rule 41(b) dismissal is appropriate when a *pro se* plaintiff fails to comply with readily comprehended court deadlines).

Moreover, the Deficiency Order cautioned Plaintiff that failure to timely and completely respond may result in denial of the Motion and dismissal of this action without further notice. Prior notice that a plaintiff's case may be dismissed is "a key consideration" in determining whether dismissal under Rule 41(b) is appropriate. *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998). Given that Plaintiff has completely disregarded the Deficiency Order despite clear instructions and notice that failure to comply may result in dismissal, the Court concludes that an alternative sanction would not protect the integrity of the judicial process and the Court's management of this action. Thus, the Court finds that the balance of factors weighs in favor of dismissal pursuant to Fed. R. Civ. P. 41(b). *See Steward v. City of Jackson*, 8 F.

3

(1:19CV384)

App'x 294, 296 (6th Cir. 2001) (failure to comply with court's deficiency order constitutes bad faith or contumacious conduct justifying dismissal).

Accordingly, Profit's motion to proceed *in forma pauperis* is denied and this action is dismissed without prejudice.

**IV. Conclusion**

For the reasons explained above, this matter is dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.


IT IS SO ORDERED.


 August 30, 2019  */s/ Benita Y. Pearson*
Date  Benita Y. Pearson
  United States District Judge

4